IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







WR-27,328-03






EX PARTE ROLANDO RUIZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BEXAR COUNTY






 Womack, J., filed a statement respecting the dismissal of the application.



 I join the Court's order dismissing the subsequent application.

 Ruiz asks us not to apply the statutory restriction on subsequent applications. (1) He alleges that
he was denied effective assistance of counsel when his trial attorneys failed to present certain evidence
at the punishment hearing, and his habeas counsel did just as badly by failing to raise that claim in his
first application. In such circumstances, he argues, the restriction on subsequent applications cannot be
used to leave an applicant without a remedy.

 I think this is a serious and unresolved question, but it is not presented in this case.

 The evidence in question was of two kinds: certain facts about the applicant's experiences
during childhood and the opinion of a psychologist. Trial counsel hired the psychologist, considered his
report, and chose not to call him at trial because his findings about the applicant would do more harm
than good. This was not an unreasonable decision.

 The application does not allege that counsel knew of the facts about the applicant's childhood,
nor does it demonstrate that counsel would have been unreasonable to decide that such facts would
have been more harmful than helpful when the jury considered the issue of the applicant's being likely to
commit criminal acts of violence in the future.

 Therefore, it seems to me, we do not reach the question: whether the unreasonable failure of a
first habeas application to present meritorious claims could ever be surmounted in the courts of this
state.


Filed July 6, 2007.

Do not publish.
1. Code Crim. Proc. art. 11.071, § 5.